UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -GENERAL

| Case No. | 5:25-cv-000295-SP | Date | June 12, 2025 |
|---|---|---|---|
| Title | Dennis Cooper v. Sparkys Storage 18 CA LP, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly Carter | None | | None |
| Deputy Clerk | Court Reporter/Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:** **(In Chambers) Order to Show Cause Why Court Should Exercise Supplemental Jurisdiction, and Vacating Hearing on Motion for Default Judgment**

On March 13, 2025, default was entered against defendant Sparkys Storage 18 CA LP. Plaintiff filed a motion for default judgment against defendant on May 20, 2025, which is set for hearing on June 24, 2025. Before the court decides that motion, however, it must address a jurisdictional issue.

The complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and a claim for damages pursuant to California's Unruh Civil Rights Act, Cal., Civ. Code §§ 51 et seq., among other state law claims. It appears the court possesses only supplemental jurisdiction over the state law claims asserted in the complaint. *See* 28 U.S.C. § 1367(a).

Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise that jurisdiction. 28 U.S.C. § 1367(c). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)). The court therefore orders plaintiff to show cause in writing why the court should exercise supplemental jurisdiction over the state law claims asserted in the complaint, if indeed plaintiff still wishes the court to do so. *See* 28 U.S.C. § 1367(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:25-cv-000295-SP | Date | June 12, 2025 |
|---|---|---|---|
| Title | Dennis Cooper v. Sparkys Storage 18 CA LP, et al. | | |

In responding to this Order to Show Cause, plaintiff shall identify the amount of statutory damages plaintiff seeks to recover. Plaintiff and plaintiff's counsel shall also support their response to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1)-(2). **Plaintiff shall also state whether, if the court declines to exercise supplemental jurisdiction, plaintiff intends to proceed on the ADA claim alone and still seeks default judgment on that claim.**

Plaintiff shall file a response to this Order to Show Cause no later than June 26, 2025. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the court's dismissal of the entire action without prejudice, or the court's declining to exercise supplemental jurisdiction over the state law claims and dismissal of such claims pursuant to 28 U.S.C. § 1367(c).

In light of this order to show cause, and because the court finds a hearing on the motion for default judgment (which to date defendant has not opposed) would not be helpful, the court VACATES the hearing on the motion for default judgment that was set for June 24, 2025.